## RIPLEY v. BALDWIN.

[No. 9,037. Filed March 11, 1915. Rehearing denied March 31, 1915.
Transfer denied May 13, 1915.]

1. APPEAL.—*Review.*—*Unauthorized Change in Record.*—*Dismissal.*
—Where appeal was granted upon the filing of an appeal bond
within thirty days, but the surety was not named on the record,
and appellant attempted to perfect a term time appeal by filing
the bond within the required time, and it was made to appear
that after the transcript was filed the order book entry and the
transcript were each altered, without *nunc pro tunc* proceeding,
so as to show the naming of such surety, the appeal was not per-
fected as a term time appeal, and the time having elapsed for
perfecting a vacation appeal, a dismissal was required. pp. 78, 79.
2. COURTS.—*Records.*—*Filling Blanks.*—The law provides an ade-
quate way for correcting records, and the mere fact that blank
spaces are left in a record does not warrant the changing of
the record by filling such spaces without authority from the
court. p. 79.

From Superior Court of Marion County (93,889); *Charles
J. Orbison,* Judge.

Action by James H. Baldwin against Warwick H. Ripley.
From a judgment for plaintiff, the defendant appeals. *Ap-
peal dismissed.*

*Warwick H. Ripley* and *William W. Spencer,* for appel-
lant.

*W. H. Ogborn,* for appellee.

PER CURIAM.—Judgment in this case was rendered on June 19, 1914. On the same day a motion for a new trial was filed. On June 26, 1914, the motion for a new trial was overruled, on which date an appeal was prayed to the Appellate Court and sixty days given to file bill of exceptions. We copy from the record the following: "Now defendant prays appeal to the Appellate Court which is granted upon filing an appeal bond in the sum of $125.00 with Charles D. Meigs as surety thereon within 30 days." The name of the surety, Charles D. Meigs, is written in ink, the remainder of the transcript being typewritten. Afterwards on July 9, 1914, in vacation of said court the following entry was made: "Comes now the defendant and files his appeal bond in the sum of One Hundred and twenty-five ($125.00) dollars with Charles D. Meigs, as surety thereon, and which said bond is now approved by the court and is as follows". On July 16, 1914, defendant filed his bill of exceptions which was approved by the court. The record was filed on July 25, 1914, and the cause submitted on August 24, 1914.

It is disclosed by the affidavit and motion filed that at the time of making the order fixing the amount of the bond and the name of the surety, that the name of the surety was not inserted in the order entered by the lower court, but the space was left blank. It is shown by the affidavit of William H. Ogborn that afterward, on January 6, 1915, the date of filing his motion to dismiss the appeal, the name of Charles D. Meigs as surety on the bond given in the cause did not appear in the records of the Marion Superior Court, but that it had been inserted since that time. It is also stated that the transcript filed in this court has been changed since that time by the insertion of the name of Charles D. Meigs as surety on the bond. These facts are not disputed, but are supported by the affidavit of Mary Anderson, who states that she was the duly appointed deputy clerk of Marion County, who made the transcript on appeal; that,

at the time she made the transcript, the name of the surety on the appeal bond did not appear on the transcript, but the space was left blank; that since the transcript was made she had not at any time filled in the name of Charles D. Meigs as surety, and does not know of her own personal knowledge who filled the blank space in the transcript with the name of the surety. It does not appear from the record that any order *nunc pro tunc* was made by the Marion Superior Court to correct the record in any manner, neither does it appear that any application was ever made or any order granted by this court to correct the transcript. While in this case it appears that the record was changed 2. without intentional wrong, this court can not give its sanction to the practice of changing the records in this manner. The law provides an adequate way in which such corrections can be made, and the mere fact that blank spaces were left in the record does not warrant the changes made without authority from the court.

As the facts disclose, the time for taking a vacation appeal has elapsed. When the original motion to dismiss this appeal was passed on by this court, the attention of 1. the court was not called to the manner in which the record was changed. The motion to reinstate the motion to dismiss this appeal is sustained, and appeal dismissed.

Note.—Reported in 108 N. E. 209   See, also, under (1) 3 C. J. 1066; 2 Cyc. 803; (2) 34 Cyc. 591.